IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PAUL R. SIVERTSON, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO.  4:18-CV-00169-ALM-CAN |
| v. | § § § | |
| CITIBANK, N.A., AS TRUSTEE IN TRUST FOR REGISTERED HOLDERS OF WAMU ASSET-BACK CERTIFICATES WAMU SERIES NUMBER 2007-HE2 TRUST, | § § § § § § | |
| Defendant. | § | |

**ORDER**

Pending before the Court is Defendant Citibank, N.A., as Trustee, in Trust for Registered holders of WAMU Asset-Backed Certificates WAMU Series Number 2007-HE2's ("Defendant") "Motion to Strike Plaintiff's Expert Disclosure" ("Motion to Strike") [Dkt. 88].  After considering the Motion to Strike, Plaintiff Paul R. Sivertson's ("Plaintiff") Response [Dkt. 93], Defendant's Reply [Dkt. 100], Plaintiff's Sur-Reply [Dkt. 103] and all other relevant filings, the Court finds that Defendant's Motion to Strike [Dkt. 88] is **GRANTED IN PART AND DENIED IN PART.**

**BACKGROUND**

On January 19, 2018, Plaintiff filed this suit in state court in the 16th Judicial District Court for Denton County to avoid foreclosure on the real property located at 4008 Saharah Court, Carrollton, Texas 75010 (the "Property") [Dkt. 1-4].  Subsequent to removal to the Eastern District of Texas, Plaintiff amended his complaint on a number of occasions.  Plaintiff's Fourth Amended Complaint, the live complaint, was filed on August 3, 2018 [Dkt. 43].  Plaintiff's Fourth Amended Complaint asserts claims for: (1) quiet title; (2) declaratory relief; (3) breach of contract; (4) promissory estoppel; (5) common law fraud; (6) negligent misrepresentation; (7) negligence;

(9) a contest of the right to foreclose; and (10) permanent injunctive relief [Dkt. 43]. Defendant moved to dismiss the Complaint [Dkt. 50]. In addition, on January 2, 2019, Defendant filed its Answer and Original Counterclaims against Plaintiff asserting claims for: (1) declaratory judgment; (2) judicial foreclosure; (3) contractual subrogation; (4) equitable subrogation; (5) foreclosure of equitably or contractually subrogated lien; (6) writ of possession; and (7) attorney's fees and costs [Dkt. 66]. On February 14, 2019, the Magistrate Judge entered a Report and Recommendation, recommending Plaintiff's claims asserted in the Fourth Amended Complaint be dismissed [Dkt. 77]; the Report was adopted by the United States District Judge [Dkt. 92]. As such, only Defendant's Counterclaims remain in this suit [*see* Dkt. 101].

On or about January 18, 2019, Plaintiff served his "Second Supplement to Initial Disclosures and Expert Testimony Disclosures" ("Plaintiff's Expert Disclosure"). Plaintiff seeks in the Expert Disclosure to designate himself as an expert "qualified to testify about the value of the [Property]" [Dkt. 88-1 at 12]. On March 11, 2019, Defendant filed its Motion to Strike Plaintiff's Expert Disclosure [Dkt. 88] asserting that Plaintiff does not qualify as an expert pursuant to Federal Rule of Evidence 702, and alternatively, has not met the requirements of Rule 701 to give testimony in the form of a lay opinion [Dkt. 88]. Plaintiff filed a Response on March 25, 2019 [Dkt. 93]; Defendant filed a Reply on April 1, 2019 [Dkt. 100]; and Plaintiff filed a Sur-Reply on April 9, 2019 [Dkt. 103].[1]

---

[1] Relevant herein, Defendant has moved for summary judgment on its Counterclaims [Dkt. 76]. In opposition to summary judgment, Plaintiff filed a response and proffered to the Court his sworn affidavit ("Sivertson Affidavit") in support thereof [Dkt. 84-1]. Defendant has objected to the Sivertson Affidavit on numerous grounds, including on the basis, that Plaintiff is not a qualified expert [Dkt. 99 at 6]. Defendant's objections to Plaintiff's summary judgment evidence incorporate by reference the instant Motion to Strike [Dkt. 99 at 6].

ORDER – Page 2

**LEGAL STANDARD**

The Court has an obligation to act as "gatekeeper" to ensure testimony from a qualified expert is both reliable and relevant. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590 (1993); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 243-44 (5th Cir. 2002). Importantly, however, the Court shall not judge the expert's credibility, as "the trial court's role as gatekeeper is not intended to serve as a replacement for the adversarial system." *United States v. 14.38 Acres of Land Situated in Leflore Cty.*, 80 F.3d 1074, 1078 (5th Cir. 1996). But a court must determine whether a witness "is qualified as an expert by knowledge, skill, experience, training, or education" as to the areas for which the party proffers the expert's testimony. Fed. R. Evid. 702. An individual offered as an expert need not have complete knowledge of or training in the field in question, as long as the knowledge the witness possesses will aid the trier of fact in performing its function. *See Sullivan v. Rowan Cos., Inc.*, 952 F.2d 141, 145-146 (5th Cir. 1992).

**ANALYSIS**

Defendant challenges Plaintiff's designation as an expert, advancing that "Plaintiff is not qualified to render an expert opinion as to the fair market value of the Property" [Dkt. 88 at 2]. Defendant continues that "Plaintiff does not possess, and he has not asserted that he possesses, any knowledge, skill, experience, training, or education directly related to the fair market valuation of the Property" [Dkt. 88 at 3]. For these reasons, Defendant asks the designation be stricken.

Plaintiff responds that Defendant's Motion to Strike should be denied because: (1) under Texas law, a property owner is qualified to testify to his property's value; (2) the Court under *Erie* is obligated to follow the Texas Court of Appeals' ruling in *Wells Fargo Bank, N.A. v. Leath*, 425 S.W.3d 525 (Tex. App.—Dallas 2014, pet. denied); and (3) the Sivertson Affidavit properly addresses Defendant's objections to the expert designation [Dkt. 93].

*Property Owner Rule*

Under Texas's Property Owner Rule, "[g]enerally, a property owner is qualified to testify to the value of [his] property even if [he] is not an expert and would not be qualified to testify to the value of other property." *Reid Road Mun. Util. Dist. No. 2 v. Speedy Stop Food Stores, Ltd.,* 337 S.W.3d 846, 852–53 (Tex. 2011); *see also United States v. 329.73 Acres of Land*, 666 F.2d 281, 284 (5th Cir.1982) (observing that "the opinion testimony of a landowner as to the value of his land is admissible without further qualification"); *LaCombe v. A–T–O, Inc.*, 679 F.2d 431, 433–34 (5th Cir.1982) (same). "Texas law does not require or provide that the individual must be designated as [an] expert witness[] in order to do so." *Johnson v. Wells Fargo Bank, NA*, No. 3:13-cv-1793-M, 2014 WL 667383, at *1 (N.D. Tex. Feb. 20, 2014); *see also Sosa v. Citimortgage, Inc.*, No. 3:10-cv-2073-K, 2011 WL 10915874, at *1 (N.D. Tex. Aug. 15, 2011) (granting motion to strike designation of property owners seeking to testify as experts, but finding they could testify as fact witness on matters within their personal knowledge). Although the Texas Property Owner Rule recognizes that a property owner may testify as to the market value of his or her property, "Texas law . . . does [not] permit a homeowner to testify as an *expert* without meeting Rule 702." *Waterbury v. Wells Fargo Bank, NA*, No. 3:12-cv-04072-K, 2013 WL 12124033, at *1 (N.D. Tex. Aug. 20 2013) (emphasis added). Indeed, other courts have repeatedly found that such a designation would not assist the jury in understanding the evidence or in making a factual determination, but instead would only confuse the jury and give undue significance to the testimony proffered. *Sosa,* 2011 WL 10915874, at *1 (striking designation of homeowner as expert witness).

*Application of* **Leath**

Nevertheless, Plaintiff argues that the Court is obligated to enforce his "property-owner rights" in the same manner as the Texas Court of Appeals' decision in *Leath* [Dkt. 93 at 6]. However, *Leath,* distinguishable from the instant case, concerned the admission of an appraisal report from a retained expert witness not previously identified in the plaintiff's discovery responses. *Leath*, 425 S.W.3d at 536. Although it is true that the plaintiff in that case did testify regarding the value of the property, no mention or analysis is made to indicate that the plaintiff was designated as an expert witness or that by the mere fact of being a homeowner the plaintiff could bypass the requirements of Rule 702. *Id.* at 536-38 ("Piper was one of two experts who testified on value. . . The other expert was Crum."). It is therefore unclear how the Court is supposed to "enforce Plaintiff's 'property-owner right' in the same manner" as the Texas Court of Appeals in *Leath*. In order to be deemed an "expert witness," Plaintiff must comply with and/or otherwise meet Rule 702.

*Federal Rule of Evidence 702*

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, *a witness qualified as an expert by knowledge, skill, experience, training, or education*, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Civ. Evid. 702 (emphasis added). A court should not permit a witness to testify as an expert if he is not qualified to testify in a particular field or on a given subject. *Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999). Here, Plaintiff bears the burden of proving that Plaintiff is qualified to give expert testimony by a preponderance of the evidence. *Mathis v. Exxon Corp.*,

302 F.3d 448, 459-60 (5th Cir. 2002) ("The party offering the expert must prove by a preponderance of the evidence that the proffered testimony satisfies the rule 702 test."). Whether an expert is qualified to testify is a question of law. *Id.*

Plaintiff proffers himself as an expert who "is qualified to testify about the value of the [Property]" [Dkt. 88-1]. Thus, Plaintiff must demonstrate that he has the education or experience necessary or is otherwise qualified to testify. Plaintiff's disclosure regarding his expert qualifications reads in its entirety:

> Sivertson is the owner of the Homestead. Under the Property Owner Rule, Sivertson is qualified to testify about the value of the Homestead, and Sivertson will so testify. Sivertson'[s] opinion is that, as of December 21, 2006, the fair market value of the Homestead was $830,000.00-$840,000.00. Sivertson's concomitant opinion is that the 2006 appraisal prepared by Doyle Reynolds does not accurately reflect the fair market value of the Homestead at the time of the loan. In this regard, the comparables [sic] used in the 2006 appraisal prepared by Doyle Reynolds were not appropriate comparables [sic] to establish the value of the Homestead at the time of the loan. Also, Sivertson is of the opinion that the 2006 appraisal is eyewash fraudulently created to support an illegal loan amount. Sivertson's opinions are based on his ownership of the Homestead, his dealings with Citibank, his review of all the appraisals produced in this case, and his knowledge of the market based upon his education and experience. Sivertson may provide rebuttal testimony, as well.

[Dkt. 88-1 at 12].

At no point in his disclosure does Plaintiff identify any particularized education, training, or experience in the area of property market valuation. Although Plaintiff blanketly contends that the Sivertson Affidavit properly addresses such issues [Dkt. 93 at 7], upon review of the referenced Sivertson Affidavit, the Court similarly finds no indication or description of Plaintiff's education, training, or experience in this particular subject matter area [*see* Dkt. 84-1]. At best, Plaintiff has reviewed the Affidavit and attached exhibits of John Scarborough and is the fee-simple owner of the relevant Property [Dkt. 84-1 at 1-2]. The Court is not persuaded that a review of evidence and being a property-owner is sufficient to vest Plaintiff with any sort of particularized or specialized

knowledge as to property market valuation.  Again, the "Property Owner Rule falls under Texas [and Federal] Rule of Evidence 701, which allows a lay witness to provide opinion testimony," the Property Owner Rule does not operate as an exception to qualifying a witness as an expert under Rule 702.  *Natural Gas Pipeline Co. of America v. Justiss*, 397 S.W.3d 150, 157-58 (Tex. 2012).

Moreover, the Court is also informed by prior consideration of this same or similar issue by other federal courts.  Consider in *Sosa*, United States District Judge Ed Kinkeade of the Northern District of Texas, in reliance on the rationale of the Western District of Texas, considered a motion to strike the expert disclosure of property owners designated to testify as to the market value of the property.  The *Sosa* court ultimately granted the motion to strike, finding the plaintiffs could "not testify as expert witnesses as to the value of this property" because doing so would only serve to confuse the jury and give undue significance to the testimony.  *See Sosa,* 2011 WL 10915874, at *1 (*relying on Stinson Air Center, LLC v. XL Speciality Ins. Co*., 2005 WL 5979097 (W.D. Tex. July 8, 2005)); *Johnson,* 2014 WL 667383, at *1; *Waterbury*, 2013 WL 1214033, *1-2 (striking designation of homeowner as expert witness); *Rafferty v. Howard*, No. 1:09cv260-LG-RHW, 2010 WL 3743906 (S.D. Miss. Sept. 20, 2010) (same); *see also* Order on Motion to Strike, *Robert Singha et. al. v. BAC Home Loans Servicing, LP, et. a*l., No. 4:10-cv-692 (E.D. Tex. July 13, 2012) (slip op.) (Mazzant, Mag. J.) [Dkt. 63] (striking designation of homeowner as expert witness but permitting homeowner to testify as fact witness).

Plaintiff does not satisfy the Rule 702 test and cannot testify as an expert witness.  Accordingly, the Court **GRANTS** Defendant's Motion to Strike Plaintiff's expert designation under Rule 702.  Plaintiff may not testify as an expert witness as to the value of the Property.

# CONCLUSION

For the foregoing reasons, the Court finds Defendant's Motion to Strike Plaintiff's Expert Disclosure [Dkt. 88] should be granted.  The Court finds that Plaintiff's designation as an expert witness under Rule 702 should be stricken. [2]  Plaintiff may be permitted to testify as a fact witness and provide lay opinion testimony about the value of his home pursuant to Rule 701—barring preclusion on other grounds, but he will not be allowed to offer expert opinion testimony.

It is therefore **ORDERED** that Defendant's Motion to Strike Plaintiff's Expert Disclosure [Dkt. 88] is hereby **GRANTED** insofar as Plaintiff's designation as an expert witness under Rule 702 should be stricken.  Relief not expressly granted herein is denied.

**IT IS SO ORDERED**.

SIGNED this 18th day of April, 2019.

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant alternatively argues that Plaintiff cannot meet Rule 701 which governs the opinion testimony of lay witnesses.  Specifically, Federal Rule of Evidence 701 provides that a lay witness may testify as to his opinion which is (1) rationally based on the witness's perception, (2) useful to giving a clearer understanding of the witness's testimony or to determining a fact question, and (3) not based on scientific, technical, or other specialized knowledge as set forth in Rule 702.  Fed. R. Evid. 701.  To the extent Defendant moves to preclude Plaintiff from testifying as a fact witness and offering lay opinion testimony about the value of his home, the Court declines to make such finding in connection with the instant Motion.  The Court will consider whether any particular statements contained within the Sivertson Affidavit [Dkt. 84-1] should be stricken in connection with its consideration of the pending summary judgment and Defendant's objections to Plaintiff's summary judgment evidence [Dkt. 99 at 6].