# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| PAUL R. SIVERTSON<br><br>v.<br><br>CITIBANK, N.A., AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF WAMU ASSET-BACKED CERTIFICATES WAMU SERIES NUMBER 2007-HE2 TRUST | §<br>§<br>§   Civil Action No.  4:18-CV-169<br>§   (Judge Mazzant/Judge Nowak)<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On April 22, 2019, the report of the Magistrate Judge (Dkt. #112) was entered containing proposed findings of fact and recommendations that Defendant Citibank, N.A., as Trustee, in Trust for Registered Holders of WAMU Asset-Backed Certificates WAMU Series Number 2007-HE2's Motion for Final Summary Judgment on its Counterclaim (Dkt. #76) and Objections to and Motion to Strike Plaintiff's Proffered Evidence in Support of His Response to Trustee's Motion for Summary Judgment (Dkt. #99) each be granted.  Having received the report of the Magistrate Judge, having considered Plaintiff Paul R. Sivertson's Objection (Dkt. #114), Defendant's Response (Dkt. #115), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

### RELEVANT BACKGROUND

The underlying facts of this case have been set forth previously; as such, the Court sets forth only those facts pertinent to Plaintiff's objections.

Plaintiff purchased the real property located at 4008 Saharah Court, Carrollton, Texas 75010 (the "Property") in April 2004. Plaintiff obtained a home equity loan in the amount of $1,000,000.00 on December 21, 2006 (the "Loan"), which paid off the amount owed on a prior loan on the Property (Dkt. #76 at p. 5). The Loan was secured by a "Texas Home Equity Security Instrument" (the "Security Instrument"), executed in favor of lender Washington Mutual Bank[1] (Dkt. #76-2 at pp. 15–29). Under the Security Instrument, Plaintiff was required to execute a sworn Texas Home Equity Affidavit and Agreement, attesting to the fair market value of the Property ("Home Equity Affidavit"). In the Home Equity Affidavit, Plaintiff swore that "[t]he extension of Credit is of a principal amount that. . . does not exceed eighty percent (80%) of the fair market value" (Dkt. #76 at p. 6). A Texas Home Equity Fair Market Value Acknowledgment ("FMV Acknowledgment"), executed by Plaintiff, stated that the Loan "does not exceed eighty percent (80%) of the fair market value," and specifically identified $1,355,000.00 as the then fair market value of the Property. Since October 2008, Plaintiff has been in default on the Loan, and prior litigation has been filed regarding the Property.

On January 19, 2018, Plaintiff filed the instant suit against Defendant in the state court, Cause No. 18-0574-16 (Dkt. #3), and on March 12, 2018, this matter was removed to the Eastern District of Texas (Dkt. #1).[2] On January 2, 2019, Defendant filed its counterclaim, seeking to foreclose its lien, and asserting claims for: (1) declaratory judgment; (2) judicial foreclosure; (3) contractual subrogation; (4) equitable subrogation; (5) foreclosure of equitably or contractually subrogated lien; (6) writ of possession; and (7) attorney's fees and costs (Dkt. #66).

---

[1] Washington Mutual Bank later sold the Loan to Defendant.
[2] Plaintiff's Fourth Amended Complaint asserted ten claims against Defendant: (1) suit to quiet title; (2) declaratory relief; (3) breach of contract; (4) promissory estoppel; (5) common law fraud; (6) negligent misrepresentation; (7) negligence; (8) gross negligence; (9) contest of the right to foreclose; and (10) permanent injunctive relief (Dkt. #43). On August 24, 2018, Defendant moved to dismiss Plaintiff's claims under Rule 12(b)(6) (Dkt. #50). On March 20, 2019, the undersigned granted the Motion to Dismiss and dismissed Plaintiff's claims with prejudice (Dkts. #77; #92).

On February 11, 2019, Defendant filed a Motion for Summary Judgment (Dkt. #76). Plaintiff thereafter filed his Response (Dkt. #84). On March 26, 2019, Defendant filed a Reply (Dkt. #98) and also filed its "Objections and Motion to Strike Plaintiff's Proffered Evidence in Support of His Response to Trustee's Motion for Summary Judgment" (Dkt. # 99). On April 2, 2019, Plaintiff filed his Sur-Reply (Dkt. #102), and on April 10, 2019, filed a response to the Motion to Strike (Dkt. #105). On April 17, 2019, Defendant filed a reply in support of its Motion to Strike (Dkt. #108) and a Notice of Supplemental Authority (Dkt. #109).

On April 22, 2019, the Magistrate Judge entered a Report and Recommendation, recommending that the Court grant Defendant's the Motion to Strike and Motion for Summary Judgment, and dismiss the entirety of Plaintiff's claims (Dkt. #112). Specifically, in regard to the Motion to Strike, the Court struck from consideration of the Motion for Summary Judgment: (1) Plaintiff's Affidavit because it was contradictory pursuant to the sham affidavit doctrine, parol evidence rule, and Art. 16, § 50(h) of the Texas Constitution, and further failed to meet Federal Rule of Evidence 701's requirements; and (2) John Scarborough's Affidavit because the opinions contained therein were speculative and lacked foundation (Dkt. #112 at pp. 6–20). Concerning the Motion for Summary Judgment, the Court found that: (1) the Loan was executed pursuant to the requirements of the Texas Constitution and is valid; (2) Defendant has proffered sufficient summary judgment evidence and established that there are no genuine issues of material fact regarding its counterclaim seeking foreclosure; (3) that reasonable fees and costs, including escrow advances, incurred in this suit are recoverable under the Loan; and (4) because Defendant is entitled to a judgment of foreclosure, the Court should also grant Defendant's request for a judgment of writ of possession.

On May 7, 2019, Plaintiff filed his Objections to the Report (Dkt. #114), and on May 21, 2019, Defendant filed its Response to Plaintiff's Objections (Dkt. #115).

### OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files *timely* written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3).

As an initial matter, Plaintiff failed to file his Objections on time. Plaintiff has previously failed to timely object to another of the Magistrate Judge's recommendations, and has been cautioned that his failure to respond in a timely manner allows the Court to disregard his arguments (Dkts. #89; #92). Again, the Court notes that it is not bound to consider his arguments. *Madenwald v. JPMorgan Chase Bank, N.A.*, 4:13-CV-136, 2014 WL 12576776, at *1 (E.D. Tex. July 18, 2014); *Chao v. Dars of Texas*, 4:15CV169, 2015 WL 6522818, at *1 (E.D. Tex. Oct. 27, 2015); *Penley v. Sandoval*, CIV.A. 4:04CV24, 2005 WL 3970822, at *2 (E.D. Tex. Mar. 8, 2005), *aff'd sub nom. Penley v. Collin County, Tex.*, 446 F.3d 572 (5th Cir. 2006); 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P. 72(b)). For this reason alone, each of Plaintiff's Objections are overruled; moreover, even considering the objections as timely filed, the Court finds Plaintiff's arguments without merit, as discussed further *infra*.

Plaintiff's Objections focus primarily on the Report's findings concerning the Motion to Strike. Plaintiff raises seven objections to the Report's findings, arguing: (1) the sham affidavit doctrine cannot limit Plaintiff's right to testify about the value of the Property; (2) the parol evidence was improperly applied to this matter; (3) section 50 of Article XVI of the Texas Constitution, as applied in the Report, limits Plaintiff's right to testify about the value of the Property, and instead, the Court "must present the valuation question to a jury like a Texas court";

4

(4) Plaintiff should be permitted to give opinion testimony regarding the value of the Property under Rule 701; (5) "John Scarborough may give opinion testimony regarding the value of the [Property] because he meets all the requirements of Rule 702 of the Federal Rules of Evidence"; (6) the Report improperly finds that Defendant's lien is valid; and (7) the Report improperly finds Defendant should be permitted to foreclose on the Property.[3] Defendant rejoins that the Objections are the same tired arguments Plaintiff repeatedly has made (Dkt. #115 at p. 2).

*Plaintiff's Affidavit*

    ***The Sham Affidavit Doctrine***

The Report recommends striking Plaintiff's Affidavit pursuant to the sham affidavit doctrine because:

> Sivertson's Affidavit, made long after-the-fact, plainly contradicts numerous other sworn documents in the record, including both the Home Equity Affidavit and FMV Acknowledgment (with regard to the fair market value of the Property). Plaintiff has failed to provide an explanation for his changed statements. Plaintiff does not dispute that he signed both the Home Equity Affidavit and FMV Acknowledgment. Nor does Plaintiff object to this evidence proffered by Defendant. Plaintiff "may not manufacture a genuine issue of material fact [in defending a motion for summary judgment] by submitting an affidavit that impeaches prior testimony without explanation." Plaintiff cannot defeat summary judgment based on his own self-serving affidavit, given the contrary evidence.

(Dkt. #112 at p. 11) (internal citations omitted). Plaintiff argues that his "right to testify about the value of the [Property] is fundamental to Texas real-estate law, and the adhesion affidavit does not obliterate that right; under the *Erie* doctrine, this Court must follow the precedent of the Supreme Court of Texas and the Dallas Court of Appeals; and the Sivertson Affidavit meets the requirements for [Plaintiff] to give opinion testimony" (Dkt. #114 at p. 5). Defendant responds that "Plaintiff offered the affidavit to create a fact issue and avoid summary judgment. Plaintiff

---

[3] Plaintiff makes no specific objections to the Report's finding that Defendant is entitled to an award of attorney fees under the Loan; accordingly, such finding is adopted. Moreover, Plaintiff's sixth and seventh objection merely incorporate the text of Plaintiff's third objection; accordingly, the Court takes up each of these objections together.

does not dispute that the testimony is contradictory. Nor does he explain the contradiction. Without doing so, Plaintiff cannot overcome the sham affidavit doctrine, irrespective of: (1) the Texas Property Owner Rule; (2) the *Leath* plaintiff's testimony regarding value; and (3) whether Plaintiff's affidavit otherwise satisfies Texas Rule of Evidence 701" (Dkt. #115 at p. 3).

Defendant is correct. Pursuant to the "sham affidavit" doctrine, a party cannot file an affidavit in contradiction of his own prior testimony, without any explanation for the change in the testimony, in an attempt to create a fact issue and avoid summary judgment. *See Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 85 (Tex. 2018); *see also Quicksilver Res., Inc. v. Eagle Drilling, LLC*, CIV.A. H-08-868, 2010 WL 4115397, at *1 (S.D. Tex. Oct. 19, 2010). Plaintiff's objection fails to address the sham affidavit doctrine, and more to the point, fails to delineate any explanation for the contradictory statements in his Affidavit. Plaintiff cites to *Natural Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 155-56 (Tex. 2012), as support for his contention that the Report incorrectly excluded his Affidavit under the sham affidavit doctrine. The *Justiss* court, addressing the trial testimony of a landowner regarding the value of his real property, discussed the implications of the Property Owner Rule on the requirements of Texas Rule of Evidence 701, holding that: "as with expert testimony, property valuations may not be based solely on a property owner's *ipse dixit*. An owner may not simply echo the phrase 'market value' and state a number to substantiate his diminished value claim; he must provide the factual basis on which his opinion rests." 397 S.W.3d at 159. The *Justiss* opinion did not address the sham affidavit doctrine or any contradictory prior testimony from the landowner; Plaintiff's proffered authority is inapposite to the Report's analysis. Plaintiff's objection is overruled.

### *The Parol Evidence Rule*

Plaintiff objects next that the Report incorrectly applied the parol evidence rule in excluding Plaintiff's Affidavit testimony. Specifically, Plaintiff argues that "[t]he parol-evidence rule is a rule of contract construction (to determine the parties['] intent); it is not a rule of evidence. The issue at hand is the value of the [Property] at the time of the loan; it is not a contract-construction issue. . . .The Sivertson Affidavit is not a prior or contemporaneous agreement; the parol-evidence rule cannot preclude its admission" (Dkt. #114 at pp. 5–6) (emphasis in original omitted). Plaintiff also argues that the parol evidence rule is inapplicable because "[t]he value of the [Property] was a condition precedent to the validity of the purported lien on the [Property]" and "Sivertson's testimony shows the value of the [Property] was mistaken at the time of the loan" (Dkt. #114 at p. 6). The Magistrate Judge considered this same argument and concluded that Plaintiff's Affidavit was inadmissible parol evidence because the Affidavit "attempt[ed] to alter or contradict the fair market value of the Property as set forth by the Home Equity Affidavit and FMV Acknowledgment executed in connection with the Loan" (Dkt. #112 at p. 13). The Report specifically noted that "[a]lthough Plaintiff is correct that the parol evidence rule 'is not a rule of evidence, but a rule of substantive law,' '[e]vidence admitted in violation of the rule is incompetent and without probative force, and it cannot properly be given legal effect.' 'Texas courts consistently apply the parol evidence rule strictly to promissory notes'" (Dkt. #112 at p. 12) (internal citations omitted). Indeed, Plaintiff's averment that the parol evidence rule is substantive law rather than an evidentiary rule does not negate the Report's finding that such evidence should not be considered. *See Ross v. Stinnett*, 540 S.W.2d 493, 495 (Tex. Civ. App.—Tyler 1976). Further, Plaintiff's assertion that the parol evidence rule is inapplicable here because the matter does not involve contract construction and/or a prior or contemporaneous agreement wholly lacks

merit. *See Mahavier v. PNC Bank, Nat'l Ass'n*, SA-13-CA-704-FB, 2014 WL 12489602, at *12 (W.D. Tex. July 11, 2014), r*eport and recommendation adopted sub nom. Mahavier v. PNC Bank*, SA-13-CA-704-FB, 2014 WL 12489603 (W.D. Tex. Sept. 15, 2014), *aff'd sub nom. Mahavier ex rel. Mahavier v. PNC Bank, Nat. Ass'n*, 632 F. App'x 238 (5th Cir. 2016). Plaintiff's after-the-fact attempts to recharacterize the Affidavit testimony are unavailing. The Affidavit clearly does not address a condition precedent to the Loan or a mistake; instead, the Affidavit seeks to alter the unambiguous terms of the Home Equity Affidavit and FMV Acknowledgment, which were executed as part of the Loan. Plaintiff's objection is overruled.

***Section 50, Article XVI of the Texas Constitution***

Plaintiff raises the same objection to three separate conclusions within the Report: (1) the decision to strike any portions of Plaintiff's Affidavit that contradict the conclusion that § 50(h) applies to the instant case, Defendants met § 50(h)'s requirements, and therefore, Defendant may conclusively rely on the FMV Acknowledgment; (2) the recommendation that the lien be found valid; and (3) the recommendation to grant a judicial foreclosure.

Regarding the stricken portions of Plaintiff's Affidavit, the Report found that Defendant was permitted to conclusively rely on the FMV Acknowledgment because it had complied with § 50(h)'s requirements by "submit[ting] as summary judgment evidence—and Plaintiff has not objected to such evidence—the Uniform Residential Appraisal Report, dated December 13, 2006, completed by Doyle Reynolds," which "indicates that the estimated fair market value of the Property was $1,355,000.00, [] consistent with the FMV Acknowledgment executed by Plaintiff," and further, "there is no evidence that Defendant had any actual knowledge that the fair market value stated in the Appraisal Report and/or FMV Acknowledgment was incorrect or inaccurate as Plaintiff now alleges" (Dkt. #112 at p. 14).

Regarding the remaining conclusions, the Report, relying on the admissible FMV Acknowledgment, found that:

> At the time of closing, the Property was assessed by a state-certified real estate appraiser who determined the fair market value of the Property to be $1,335,000.00. At closing, Plaintiff and Washington Mutual, Defendant's predecessor, signed the Home Equity Affidavit, indicating that the Loan did not exceed eighty (80) percent of the fair market value and further signed the FMV Acknowledgment, stating that the fair market value of the Property was $1,355,00.00. . . .Plaintiff has not established any genuine issue for trial. Plaintiff has not presented evidence sufficient to undermine the Home Equity Affidavit or FMV Acknowledgement. Indeed, the evidence before the Court demonstrates that by signing these documents, both Parties believed the Loan to be compliant with the Texas Constitution at the time of Loan origination. The Court finds the Loan was executed pursuant to the requirements of the Texas Constitution and is valid.

(Dkt. #112 at pp. 23–24).

Plaintiff argues that Texas Constitution article XVI, sections 50(a)(6) and 50(c), which protect the Property from a forced sale should an extension of credit exceed 80 percent of the fair market value of the property at the time of such extension, do not "depend[] upon whether the lender conclusively relies upon an acknowledgment of value under Article XVI, Section 50(h) of the Texas Constitution," and urges the Court to apply the analysis in *Wells Fargo Bank, N.A. v. Leath*, 425 S.W.3d 525 (Tex. App.—Dallas 2014, pet. denied), contending it is "a controlling case directly on point wherein: (A) the borrower signed an adhesion affidavit regarding the value of the homestead (just like [Plaintiff] did); (B) the court allowed the borrower to present evidence that contradicted the value of the homestead, as set forth in the adhesion affidavit (just like [Plaintiff] seeks to do); (C) the jury found the actual value of the homestead fell below the constitutionally required value (just like [Plaintiff] asserts); and (D) the Dallas Court of Appeals invalidated the lien and disallowed the foreclosure (just like [Plaintiff] seeks to do)" (Dkt. #114 at pp. 7–8). Plaintiff concludes that upon applying *Leath*, the Court "must present the valuation question to a

jury, just like a Texas court," and therefore, Defendant is not entitled to declaratory judgment or judicial foreclosure (Dkt. #114 at p. 8).

The Court first addresses that § 50(h) provides lenders or assignees, such as Defendant, "the right to [conclusively] rely on the presumption created by article XVI, section 50(h) of the Texas Constitution regarding the fair market value of [Plaintiff's] [P]roperty," should two requirements, enumerated above, be met. *Leath*, 425 S.W.3d at 540. Because Defendant met both requirements, it is entitled to conclusively rely on § 50(h)'s presumption that the extension of credit did not exceed 80 percent of the Property's fair market value.

Turning next to Plaintiff's contention that the Court should apply the holding in *Leath* to the instant case, the Court finds that the *Leath* case is inapposite to the instant matter. Indeed, as Defendant asserts "[t]hat the *Leath* plaintiff testified at a trial has no bearing on this Court adjudicating Trustee Bank's motion for summary judgment," and "*Leath* specifically states the *Leath* court did not consider Section 50(h)" (Dkt. #115 at p. 4). *Leath*, 425 S.W.3d at 541 ("The issue of whether application of section 50(h) of the Texas Constitution to the facts of this case compels a finding that the loan is constitutional is not before us and, therefore, we will not address it."). Plaintiff's objections are overruled.[4]

### *Federal Rule of Evidence 701*

The Report found that certain of Plaintiff's opinions contained in his Affidavit should also be stricken because "Sivertson's allegations that Mr. Marshall (Paragraph 5) and Mr. Scarborough

---

[4] Plaintiff also argues that "Citibank may not conclusively rely on the written acknowledgment unless the value acknowledged is the value estimate in an appraisal or evaluation prepared in accordance with a state or federal requirement applicable to an extension of credit under Subsection (a)(6)" (Dkt. #114 at p. 8). The Report rejected this argument, finding that "Plaintiff argues Defendant is required to indicate which state or federal requirement is applicable in this case; however, the Texas Constitution does not specify what 'state or federal requirements' is required to qualify as an appraisal under 50(h)" (Dkt. #112 at pp. 13–14). Plaintiff has again failed to clarify how such requirement is incorporated into § 50(h). The record demonstrates that Defendant has met the requirements of § 50(h). Plaintiff's objection is overruled.

(Paragraph 7) are 'competent appraisers' and that their analysis is 'well-founded' are not adequately supported" (Dkt. #112 at p. 18). Plaintiff now argues that:

> Sivertson may give opinion testimony regarding the value of the [Property] under Rule 701 of the Federal Rules of Evidence because: (1) such testimony is rationally based on Sivertson's perception (namely, Sivertson is familiar with property values in the area where the [Property] is located, and the value of the [Property] itself, because of Sivertson's ownership of the fee-simple interest in the [Property] and his occupancy of the [Property] as his primary residence since he purchased it in 2004); (2) such testimony is helpful to: (A) clearly understanding Sivertson's testimony (namely, to clarify the circumstances surrounding the loan and the execution of the adhesion affidavit); or (B) determining a fact in issue (namely, resolving the central fact question regarding the value of the [Property]); and (3) such testimony is not based on scientific, technical, or other specialized knowledge under Rule 702 (under the Property Owner Rule, it is not).

(Dkt. #114 at p. 9). As Defendant contends, "[t]he Report acknowledges the Texas Property Owner Rule, but correctly concludes that when offering opinion testimony, a property owner must satisfy Rule 701," and found that "Plaintiff's testimony concerning value did not do so because it was conclusory— Plaintiff did not explain the basis for his opinion regarding value" (Dkt. #115 at p. 5). Plaintiff again cites *Justiss*, 397 S.W.3d at 155-56 and *Leath*, 425 S.W.3d 525 in support of his argument. As noted earlier, the *Justiss* court found that "[a]n owner may not simply echo the phrase 'market value' and state a number to substantiate his diminished value claim; he must provide the factual basis on which his opinion rests," which Plaintiff has failed to do in the instant case. 397 S.W.3d at 159. Furthermore, there is no pertinent discussion of Rule 701 or the Texas Property Owner Rule in *Leath*; instead, the facts of that case demonstrate that the property owner testified at trial under different circumstances than those present here. In *Leath*, the property owner discussed various details about the property's status at the time of the appraisal, but did not, as Plaintiff did in his Affidavit, offer an unsupported opinion as to the qualifications of the appraisers or the property's fair market value. *Leath*, 425 S.W.3d at 536 ("Leath testified he signed the closing documents and agreed he received a loan of $340,000 from

11

H & R Block based on the $425,000 value. He said he did not know the value of his home in 2005 and emphasized that numerous repairs needed to be completed."). Plaintiff's objection is overruled.[5]

### *Scarborough Affidavit – Federal Rule of Evidence 702*

The Report also struck the Affidavit of Plaintiff's expert, John Scarborough, finding that:

> Plaintiff makes no attempt to address Defendant's objections regarding the foundational issues underlying the Scarborough Affidavit or even assert that the opinions proffered are not speculative. . . .the entirety of Plaintiff's argument regarding the admissibility of the Scarborough Affidavit is two sentences stating in a conclusory fashion: "John Scarborough may give opinion testimony regarding the value of the [Property] because he meets all the requirements of Rule 702 of the Federal Rules of Evidence. The mere fact that he reviewed other appraisals shows he is prudent; it does not disqualify him as an expert."

(Dkt. #112 at p. 19) (internal citations omitted). Plaintiff objects to this finding; Plaintiff's objection to this point reads, in its entirety: "Scarborough may give opinion testimony regarding the value of the [Property] because he meets all the requirements of Rule 702. . . .A true and correct copy of his report is attached. . . as Exhibit C; it sets forth his analysis and lays the foundation for his opinion. A true and correct copy of his resume is attached. . . as Exhibit D; it sets forth his qualifications, which are further set forth in Paragraphs 4 and 5" (Dkt. #114 at p. 10).

As Defendant asserts, "Plaintiff fails to establish how the Scarborough affidavit was not speculative and established the proper foundation for Scarborough's opinions" (Dkt. #115 at p. 6). Specifically, Plaintiff wholly fails to address Defendant's objection to speculation, and only asserts his unsupported conclusion that the "report is attached to the Scarborough Affidavit. . . sets forth his analysis and lays the foundation for his opinion" in response to Defendant's objection to the

---

[5] Insofar as Plaintiff seeks to object to other findings in the Report related to Plaintiff's Affidavit, such objections are overruled as improperly vague. *See* 28 U.S.C. § 636(b)(1)(C) (requiring specific written objections).

foundation for Scarborough's opinion. *See Garcia v. Roy's Trucks & Equipment, Inc.*, No. 3:17-cv0950-C, 2018 WL 6338364, at *3 (N.D. Tex. Aug. 24, 2018). Plaintiff's objection is overruled.

## CONCLUSION

Having considered Plaintiff's Objections (Dkt. #114), Defendant's Response (Dkt. #115) and having conducted a de novo review, the Court adopts the Magistrate Judge's Report (Dkt. #112) as the findings and conclusions of the Court.

It is therefore **ORDERED** that Defendant Citibank, N.A., as Trustee, in Trust for Registered Holders of WAMU Asset-Backed Certificates WAMU Series Number 2007-HE2's Motion for Final Summary Judgment on its Counterclaim (Dkt. #76) and Objections to and Motion to Strike Plaintiff's Proffered Evidence in Support of His Response to Trustee's Motion for Summary Judgment (Dkt. #99) are each **GRANTED**.

Defendants request to file a Motion for Final Judgment, stating that they intend to utilize subsequent motion practice to prove those sums to be included in the judgment, including specifically the total amount of fees (Dkts. 76 at 22; 76-1). Defendant shall file any Motion for Final Judgment within fourteen (14) days following entry of this Memorandum Adopting.

**IT IS SO ORDERED**.

**SIGNED this 11th day of October, 2019.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE